IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **NIGEL HARRISON,** | : | **PRISONER HABEAS CORPUS** |
| Petitioner, | : | **28 U.S.C. § 2254** |
| | : | |
| v. | : | |
| | : | |
| **STATE OF GEORGIA,** | : | **CIVIL ACTION NO.** |
| Respondent. | : | **1:16-CV-3473-TWT-AJB** |

### UNITED STATES MAGISTRATE JUDGE'S
### FINAL REPORT AND RECOMMENDATION

Petitioner, Nigel Harrison, challenges via 28 U.S.C. § 2254 his September 2013 DeKalb County convictions. (Pet., ECF No. 1.) The matter is before the Court for consideration of the petition under Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4").

Under Rule 4, federal district courts have authority to examine habeas petitions prior to any pleading by the respondent and "to dismiss summarily any habeas petition that appears legally insufficient on its face." *Borden v. Allen*, 646 F.3d 785, 810 (11th Cir. 2011) (internal quotation marks omitted) (quoting *McFarland v. Scott*, 512 U.S. 849, 856 (1994)).

I.  **Discussion**

Petitioner, who currently is detained awaiting removal from the United States, has submitted a federal habeas corpus petition dated September 9, 2016 in which he challenges his September 2013 DeKalb County guilty pleas and convictions for financial transaction theft and theft by taking, for which he states that he received a two-year sentence of probation. (Pet. at 1, 4; Pet'r Ex. A.) Petitioner asserts that his guilty pleas were involuntary because counsel told him that he would not be subject to removal based on a sentence of probation. (Pet. at 5-7.) Petitioner relies on Georgia law, which (when there are certain collateral consequences) allows a state habeas petition to be filed after a sentence has been completed. (*Id.* at 2); *see Tharpe v. Head*, 272 Ga. 596, 597, 533 S.E.2d 368, 369 (2000) ("The mere fact that the state sentence has been completely served should no longer be a bar to attacking it through habeas corpus even though the petition is not initially filed until after the sentence is completed." (quoting *Parris v. State*, 232 Ga. 687, 690, 208 S.E.2d 493 (1974)) (internal quotation marks omitted)).

Under § 2254, a federal court may issue a writ of habeas corpus on behalf of a person held in custody pursuant to a judgment of a state court if that person is held in violation of his rights under federal law. The requirement that a petitioner be in

custody is jurisdictional. *Diaz v. Fla. Fourth Judicial Circuit ex rel. Duval Cnty.*, 683 F.3d 1261, 1263 (11th Cir. 2012). A petitioner is not in custody on a state sentence that has fully expired at the time he seeks federal habeas corpus relief. *Id.* at 1264; *see also Maleng v. Cook*, 490 U.S. 488, 491 (1989) ("We have never held . . . that a habeas petitioner may be 'in custody' under a conviction when the sentence imposed for that conviction has fully expired at the time his petition is filed."). Under federal habeas corpus law, collateral immigration consequences do not satisfy the in-custody requirement when the challenged sentence has fully expired at the time a federal habeas petition is filed. *See Maleng*, 490 U.S. at 491-92 ("[O]nce the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it."); *Llovera-Linares v. Florida*, 559 Fed. Appx. 949, 952 (11th Cir. Mar. 27, 2014) (holding that petitioner was not in custody on expired state sentence and that the collateral consequence of immigration detention did not render him in custody for purposes of raising a habeas challenge to the expired state sentence), *cert. denied*, _ U.S. _, 135 S. Ct. 255 (2014); *Ogunwomogu v. United States*, 512 F.3d 69, 70, 75 (2d Cir. 2008) ("We join our sister circuits that have considered the issue in holding that immigration detention is not 'custody' for the purposes of

3

establishing jurisdiction to consider habeas petitions challenging a state court conviction pursuant to 28 U.S.C. § 2254." (citing *Resendiz v. Kovensky*, 416 F.3d 952, 956-58 (9th Cir. 2005); *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir. 2004); *United States v. Esogbue*, 357 F.3d 532, 534 (5th Cir. 2004); *Kandiel v. United States*, 964 F.2d 794, 796 (8th Cir. 1992))).

Based on Petitioner's assertion that he received a two-year term of probation in approximately September 2013, (1) his term of probation would have expired in approximately September 2015 and, (2) at the time he filed his federal petition in September 2016, he was no longer in custody under his two-year term of probation. Federal law, not state law, applies, and this Court is without jurisdiction to review the challenged convictions.

## II.   Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  To

4

satisfy that standard, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Lott v. Attorney Gen.*, 594 F.3d 1296, 1301 (11th Cir. 2010) (quoting *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)) (internal quotation marks omitted).

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a [certificate] should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

*Spencer v. United States*, 773 F.3d 1132, 1138 (11th Cir. 2014) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)) (internal quotation marks omitted), *cert. denied*, _ U.S. _, 135 S. Ct. 2836 (2015).

The undersigned recommends that a COA should be denied because, based on Petitioner's assertions, it is not debatable that at the time he filed this action he was no longer in custody under the challenged convictions and two-year probationary term. If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under

5

AO 72A
(Rev.8/82)

Federal Rule of Appellate Procedure 22." Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

### III.   Conclusion

**IT IS RECOMMENDED** that this action be **DISMISSED** pursuant to Rule 4.

**IT IS FURTHER RECOMMENDED** that a COA be **DENIED**.

The Clerk is **DIRECTED** to terminate the reference to the undersigned Magistrate Judge.

**IT IS SO RECOMMENDED and DIRECTED**, this  19th  day of  October, 2016.

ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev.8/82)